**[ ] AMENDED**

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TENNESSEE**

**In re:** **(1)** STOKELY D. MILLER    **Case No.** 19-22453
**Chapter 13**

**(2)**
**Debtor(s)**.

**CHAPTER 13 PLAN**

**ADDRESS:**    (1) 1558 Charles Bryant Rd.    (2)
Cordova, TN  38018

**PLAN PAYMENT**:

**DEBTOR (1)** shall pay $ 180.00    (x) weekly,    ( ) every two weeks,    ( ) semi-monthly, or    ( ) monthly, by:

( ) **PAYROLL DEDUCTION** from: Kroger    OR ( ) DIRECT PAY
1014 Vine Street
Cincinnati, OH  45202

**DEBTOR (2)** shall pay $ _____    ( ) weekly,    ( ) every two weeks,    ( ) semi-monthly, or    ( ) monthly, by:

( ) **PAYROLL DEDUCTION** from: _____    OR ( ) DIRECT PAY

1. **THIS PLAN [Rule 3015.1 Notice]:**

   (A)  CONTAINS A NON-STANDARD PROVISION. [See plan provision #19]    ( ) YES   (x) NO

   (B)  LIMITS THE AMOUNT OF A SECURED CLAIM BASED ON A VALUATION OF THE
        COLLATERAL FOR THE CLAIM. [see plan provision #7 and #8]    (X) YES   ( ) NO

   (C)  AVOIDS A SECURITY INTEREST OR LIEN.  [See plan provision #12].    ( ) YES   (x) NO

2. **ADMINISTRATIVE EXPENSES**: Pay filing fee and Debtor(s)' attorney fee pursuant to Confirmation Order.

3. **AUTO INSURANCE**:   ( ) Include in Plan; OR (x) Not included in Plan; Debtor(s) to provide proof of insurance at §341 meeting.

4. **DOMESTIC SUPPORT**: Paid by ( ) Debtor(s) directly, ( ) Wage Assignment, **OR** ( ) Trustee to:    Monthly Plan Payment

   _____ ; ongoing payment begins _____    $ _____
   Approximate Arrearage: $ _____    $ _____

   _____ ; ongoing payment begins _____    $ _____
   Approximate Arrearage: $ _____    $ _____

5. **PRIORITY CLAIMS**:

   _____    Amount: $ _____    $ _____
   _____    Amount: $ _____    $ _____

6. **HOME MORTGAGE CLAIMS**:   ( ) Paid directly by Debtor(s)  **OR**  ( ) Paid by Trustee to:

   _____ ; ongoing payment begins _____    $ _____
   Approximate Arrearage: _____    Interest _____ %    $ _____
   _____ ; ongoing payment begins _____    $ _____
   Approximate Arrearage: _____    Interest _____ %    $ _____

7. **SECURED CLAIMS:**
   [Retain lien 11 U.S.C. §1325 (a) (5)]    Value of Collateral:    Rate of Interest    Monthly Plan Payment:

   Enterprise    $10,000.00    _____ %    $ 300.00
   _____    _____    _____ %    $ _____
   _____    _____    _____ %    $ _____

8. **SECURED AUTOMOBILE CLAIMS FOR DEBT INCURRED WITHIN 910 DAYS OF FILING, AND OTHER SECURED CLAIMS FOR DEBT INCURRED WITHIN ONE YEAR OF FILING:**
   [Retain lien 11 U.S.C. §1325 (a)]     Value of Collateral:     Rate of Interest     Monthly Plan Payment:
                                                                   _____%    $ _____
                                                                   _____%    $ _____
                                                                   _____%    $ _____

9. **SECURED CLAIMS FOR WHICH COLLATERAL WILL BE SURRENDERED: STAY IS TERMINATED UPON CONFIRMATION FOR THE LIMITED PURPOSE OF GAINING POSSESSION AND COMMERCIALLY REASONABLE DISPOSAL OF COLLATERAL:**
                                   Collateral: _____
                                   Collateral: _____

10. **SPECIAL CLASS UNSECURED CLAIMS**:
                       Amount:          Rate of Interest     Monthly Plan Payment:
                                         _____%    $ _____
                                         _____%    $ _____
                                         _____%    $ _____

11. **STUDENT LOAN CLAIMS AND OTHER LONG TERM CLAIMS**:
    _____                ( ) Not provided for  **OR**  ( ) General unsecured creditor
    _____                ( ) Not provided for  **OR**  ( ) General unsecured creditor

12. **THE JUDICIAL LIENS OR NON-POSSESSORY, NON-PURCHASE MONEY SECURITY INTEREST(S) HELD BY THE FOLLOWING CREDITORS ARE AVOIDED TO THE EXTENT ALLOWABLE PURSUANT TO 11 U.S.C. §522(f):**

13. **ABSENT A SPECIFIC COURT ORDER OTHERWISE, ALL TIMELY FILED CLAIMS, OTHER THAN THOSE SPECIFICALLY PROVIDED FOR ABOVE, SHALL BE PAID AS GENERAL UNSECURED CLAIMS.**

14. **ESTIMATED TOTAL GENERAL UNSECURED CLAIMS**: $44,000.00 :

15. **THE PERCENTAGE TO BE PAID WITH RESPECT TO NON-PRIORITY, GENERAL UNSECURED CLAIMS IS:**

    ( ) _____%, **OR**

    (X) **THE TRUSTEE SHALL DETERMINE THE PERCENTAGE TO BE PAID AFTER THE PASSING OF THE FINAL BAR DATE.**

16. **THIS PLAN ASSUMES OR REJECTS EXECUTORY CONTRACTS**:
    _____                                       ( ) Assumes  **OR**  ( ) Rejects
    _____                                       ( ) Assumes  **OR**  ( ) Rejects

17. **COMPLETION**: Plan shall be completed upon payment of the above, approximately 60 months.

18. **FAILURE TO TIMELY FILE A WRITTEN OBJECTION TO CONFIRMATION SHALL BE DEEMED ACCEPTANCE OF PLAN.**

19. **NON-STANDARD PROVISION(S):**

    **ANY NON-STANDARD PROVISION STATED ELSEWHERE IS VOID.**

20. **CERTIFICATION: THIS PLAN CONTAINS NO NON-STANDARD PROVISIONS EXCEPT THOSE STATED IN PROVISION 19.**

/s/Ellen E. Fite _____     **DATE**: 03/25/2019 _____
**Debtor(s)' Attorney Signature or Pro Se Debtor(s)' Signature(s)**